IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH


OTIS S. HOLDER                                                                      PLAINTIFF


v.                                               CIVIL NO. 10-2120


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                      DEFENDANT

## <u>ORDER</u>

Plaintiff, Otis Holder, appealed the Commissioner's denial of benefits to this court. ECF

No.1. On June 6, 2011, judgment was entered remanding Plaintiff's case to the Commissioner

pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 13. On August 29, 2011, Plaintiff

moved for an award of $5600 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal

Access to Justice Act ("EAJA"), requesting compensation for 32.00 attorney hours at an hourly

rate of $ 175.00. Defendant objected to the enhanced hourly rate claimed by Plaintiff's counsel.

ECF No. 15.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified. The burden is on the Commissioner to show substantial justification for

the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After

reviewing the file, we find Plaintiff is a prevailing party in this matter. Under *Shalala v.*

*Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four

judgment reversing the Commissioner's denial of benefits and remanding the case for further

proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion

of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42

U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1)

was specifically allowed when Congress amended the EAJA in 1985.  *Gisbrecht v. Barnhart,*

535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99

Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary
> standard is met, in addition to that allowed by the district court out of a
> claimant's past-due benefits does no more than reimburse the claimant for his or
> her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985)*.*  Furthermore, awarding fees under

both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing

party's litigation expenses incurred while contesting unreasonable government action.  *Id.  See*

*also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized

statement...stating the actual time expended and the rate at which fees and other expenses were

computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting

statutes such as the EAJA are required to present fee applications with "contemporaneous time

records of hours worked and rates claimed, plus a detailed description of the subject matter of

the work." *Id.*  Where documentation is inadequate, the court may reduce the award accordingly.

*Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the

following factors:  time and labor required; the difficulty of questions involved; the skill required

to handle the problems presented; the attorney's experience, ability, and reputation; the benefits

-2-

resulting to the client from the services; the customary fee for similar services; the contingency

or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,*

588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,*

487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's

services and fee request, particularly when the court has had the opportunity to observe firsthand

counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary*

*of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir.

1989)). The court can determine the reasonableness and accuracy of a fee request, even in the

absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th

Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an

accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996,

amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to

$125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Attorney's fees may not be awarded in

excess of $125.00 per hour, the maximum statutory rate under § 2412(d)(2)(A), unless the court

finds that an increase in the cost of living or a special factor such as the limited availability of

qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase

the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v.*

*Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990),

the court stated that the hourly rate may be increased when there is "uncontested proof of an

increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an

AO72A
(Rev. 8/82)

hour," such as a copy of the Consumer Price Index ("CPI").

Plaintiff's counsel submitted as an exhibit the 2010 edition of The Survey of Law Firm Economics conducted and published by The National Law Journal and ALM Legal Intelligence. This report suggests that the "average" hourly billing rate for an equity partner or shareholder in a law firm in the West South Central region of the United States (in which Arkansas, the state in which this Court is located and Oklahoma, the state in which Counsel practices, are included) is $327.00.   Plaintiff's counsel, however, is requesting an hourly rate of $175.00.   The court agrees with counsel that a cost of living increase is appropriate and that $175.00 is reasonable in this instance[1].   Thus, based upon the above factors, the court finds that an appropriate hourly rate is $175.00.

We next address the number of hours Plaintiff's counsel claims he spent working on this case.  Counsel requests compensation for 31.20 hours for reviewing the transcript, analyzing and researching the law, and drafting the appeal and reply briefs.  However, there were no unique or complex issues to be developed in this particular case. Counsel describes himself as an expert with 29 years of experience handling Social Security disability cases, having represented well over a thousand claimants in administrative hearings and having an active federal court practice in Arkansas, Missouri, Kansas and Oklahoma.  Accordingly, we find that the time submitted for preparing this brief is excessive.  Therefore, we are reducing the number of hours submitted for the preparation of Plaintiff's brief to 15.00 hours.  Accordingly, we will deduct 16.20 hours from

---

[1]In accordance with General Order No. 39, we have calculated the cost of living based on the Consumer Price Index for the South.  We believe that routine application of this standard will result in consistent hourly fee awards in the Western District of Arkansas.  *See Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

-4-

the total number of compensable hours.

Plaintiff produced an itemized list of services rendered in this matter that accounted for 35.50 hours and represented that he was discounting his time by 10%, requesting compensation for 32.00 hours.  We will deduct the excessive time from the total before the discount.

Based on the above, we award Plaintiff's attorney fees under the EAJA for 19.30 (35.50 - 16.20) attorney hours at the rate of $175.00 per hour for a total attorney's fee award of $3377.50. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S. C. § 406, in order to prevent double recovery by counsel for the plaintiff.

The Supreme Court has held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney.   *Astrue v. Ratliff,* 130 S.Ct. 2521, 2522-2523, 177 L.Ed.2d 91 (2010).  Therefore, any EAJA award by this Court should be made payable to plaintiff and not plaintiff's counsel.

IT IS SO ORDERED this 16th day of September, 2011.

/S/ J. Marschewski

HON. JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE

-5-